# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

United States of America,

    Plaintiff/Respondent

v.

Gilberto Landeros,

    Defendant/Petitioner

Case No.: 2:13-cr-00260-JAD-GWF

**Order Denying Motions for Appointment of Counsel and to Reevaluate Sentence**

[ECF Nos. 40, 41]

    In 2014, Gilberto Landeros pled guilty to illegally possessing a firearm under 18 U.S.C. § 922(j) and § 924(a)(2).[1] I sentenced him to a prison term of 120 months after finding that he had prior convictions that qualified as "crimes of violence" under United States Sentencing Guideline § 4B1.2(a). In 2017, Landeros filed a motion to vacate his sentence, arguing that the Supreme Court's decision in *Johnson v. United States*—which deemed unconstitutional part of the Armed Career Criminal Act's crime-of-violence definition—rendered his sentence under the advisory Sentencing Guidelines constitutionally infirm. But after Landeros filed his motion, the Supreme Court decided *Beckles v. United States*,[2] which found the advisory Guidelines still constitutional after *Johnson*, so I denied his motion to vacate because *Beckles* precluded the relief he sought.[3]

    Landeros now moves pro se to have his sentenced reevaluated and asks me to appoint him counsel "in light of the change in law under *Sessions v. Dimaya*."[4] It appears that Landeros believes *Dimaya* affects the validity of his sentence. It doesn't. In *Dimaya*, the Supreme Court held that a portion of the Immigration and Nationality Act's (INA) crime-of-violence definition

---

[1] ECF No. 30.

[2] *Beckles v. United States*, 137 S. Ct. 886 (2017).

[3] ECF No. 39.

[4] ECF Nos. 40, 41. The motions are identical.

1

is unconstitutional.[5] Landeros was not convicted or sentenced under the INA, so *Dimaya* has no impact on his sentence. *Beckles* still precludes Landeros's relief, so I deny his motion to reevaluate his sentence. And because the interests of justice do not require that I appoint counsel to settle this straightforward legal question, I deny Landeros's motion seeking an attorney.[6]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Gilberto Landeros's motions for appointment of counsel and to reevaluate his sentence **[ECF Nos. 40, 41] are DENIED.**

Dated: July 24, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[5] *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018).

[6] *See* 18 U.S.C. § 3006A(a)(2).