|   |   |
|---|---|
| United States of America, | Case No.: 2:13-cr-00260-JAD-GWF |
| Plaintiff/Respondent | **Order Denying Certificate of Appealability** |
| v. | |
| Gilberto Landeros, | |
| Defendant/Petitioner | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

In 2014, Gilberto Landeros pled guilty to illegally possessing a firearm under 18 U.S.C. § 922(j).[1] I sentenced him to a prison term of 120 months after finding that he had prior convictions that qualified as "crimes of violence" under United States Sentencing Guideline § 4B1.2(a). In 2017, Landeros filed a motion to vacate his sentence, arguing that the Supreme Court's decision in *Johnson v. United States*[2]—which deemed unconstitutional part of the Armed Career Criminal Act's crime-of-violence definition—rendered his sentence under the advisory Sentencing Guidelines constitutionally infirm. But after Landeros filed his motion, the Supreme Court decided *Beckles v. United States*,[3] which found the advisory guidelines still constitutional after *Johnson*, so I denied his motion to vacate because *Beckles* precluded the relief he sought.[4]

Landeros then moved to have his sentence reevaluated and asked me to appoint him counsel "in light of the change in law under *Sessions v. Dimaya*."[5] I explained that *Dimaya*

---

[1] In my previous order, I misstated that Landeros pled guilty to illegally possessing a firearm under 18 U.S.C. § 922(j) and § 924(a)(2), relying on an inaccurate plea agreement filed at ECF No. 30. *See* ECF No. 42. But, despite the plea agreement on the docket, which indicates that Landeros pled guilty to violations under both statutes, he was convicted only of illegally possessing a stolen firearm under § 922(j). This minor error in no way affects my denial of Landeros's motion to reevaluate his § 2255 motion.

[2] *Johnson v. United States*, 135 S. Ct. 2551 (2015).

[3] *Beckles v. United States*, 137 S. Ct. 886 (2017).

[4] ECF No. 39.

[5] ECF Nos. 40, 41; *see Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018).

1

doesn't affect the constitutionality of his sentence and denied his motions.[6] Landeros appeals that order.[7] The Ninth Circuit remanded the case back to me "for the limited purpose of granting or denying a certificate of appealability."[8]

I decline to issue a certificate of appealability in this case. Landeros's challenge to the "crime of violence" definition in the advisory guidelines is foreclosed by *Beckles*. Landeros's reliance on *Dimaya* is misplaced. As I explained in my previous order, in *Dimaya*, the Supreme Court held that a portion of the Immigration and Nationality Act's (INA) crime-of-violence definition is unconstitutional.[9] Landeros was not convicted or sentenced under the INA, so *Dimaya* has no impact on his sentence. I do not find that reasonable jurists would disagree.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that a certificate of appealability is **DENIED**.

Dated: August 14, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[6] ECF No. 42.

[7] ECF No. 43.

[8] *See United States v. Landeros*, Case No. 18-16479 at ECF No. 3 (9th Cir. Aug. 14, 2018).

[9] *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018).